**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NODIRA UMARBEKOVA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-02534-DB** |
| | § | |
| **OFFICER IN CHARGE, CAMP EAST** | § | |
| **MONTANA,** | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On October 7, 2026, Petitioner Nodira Umarbekova ("Petitioner") filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"). ECF No. 1. She is currently detained by United States Immigration and Customs Enforcement ("ICE") at the Camp East Montana detention facility in El Paso, Texas, in the Western District of Texas. *See id.* at 1. Before Petitioner was transferred to this District, she received a bond hearing before Immigration Judge ("IJ") Corey Combs on September 17, 2026. *See* ECF No. 1-1 at 21–22. During the hearing, IJ Combs found Petitioner did not meet her burden demonstrating that she is not a flight risk. *Id.* at 21.

In her Petition, Petitioner largely challenges the IJ's decision to deny her release on bond. *See* ECF No. 1 at 6 ("Petitioner has been in ICE custody since 8/28/2026, with no final order of removal against her. She has no criminal record and [has] a pending asylum/withholding/CAT claim pending since January 2017 . . . [h]er 9/17/2026 bond denial rested solely on an unmet flight-risk burden, with no danger finding."). However, this Court lacks jurisdiction to review the IJ's discretionary findings. *See Vicente-Vicente v. Warden*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *1 (W.D. Tex. April 1, 2026) ("Pursuant to 8 U.S.C. § 1226(e), the Court is prohibited from setting aside [an IJ's bond] decision."). Further, the Court finds that, at this juncture, Petitioner's detention has not become unreasonably prolonged given that she was detained on

August 28, 2026, and most recently received an individualized hearing on September 17, 2026. The Court makes no conclusion as to whether there may be a point in time where Petitioner's detention, without further individualized justification, becomes unconstitutional. However, for present purposes, the Petition must be denied.[1]

Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **DENIED.**

**SIGNED this 23rd day of October, 2026.**

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[1] Should Petitioner wish to file another petition for habeas corpus, she should file such petition on distinct grounds from her initial petition. *See e.g.*, *Em v. Mayorkas*, 833 F. Supp. 3d 737 (W.D. Tex. 2026) (holding petitioner was entitled to habeas relief because his detention had become unreasonably prolonged in a pre-final order of removal posture); *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (holding petitioner was entitled to habeas relief because his detention had become unreasonably prolonged in a post-final order of removal posture). Petitioner is forewarned that any further filings alleging the same claims as those decided in the instant Petition will be summarily denied without any further explanation from the Court.